# Thomas E. Wing, Appellee, v. G. J. Little, Appellant.

1. GAMING, § 39*—*when special plea and cross-bill in action to subject property used for gambling to payment of judgment recovered for money lost demurrable.* On bill filed against the owner of a gambling house to subject the premises to the payment of a judgment recovered by complainant against a third person for money lost at gambling on the premises, *held* that the defendant could make a complete and ample defense against the judgment upon his answer, and that the action of the court in sustaining a demurrer to a special plea and a cross-bill alleging that the judgment was obtained by fraud and collusion between the complainant and such third party, *held* proper.

2. GAMING, § 43*—*when evidence sufficient to sustain decree subjecting gambling premises to payment of a judgment recovered for money lost thereon.* On bill filed against the owner of a premises to subject the premises to the payment of a judgment recovered by complainant against a third party for money lost at gambling on the premises, the bill alleging that the loss at gaming occurred on the premises belonging to defendant, and that defendant knowingly permitted gambling to be conducted on the premises, *held* that to entitle the complainant to the relief prayed it was necessary for him to prove the allegations of the bill, and the findings of a decree awarding the relief prayed *held* sustained by the evidence.

3. JUDGMENT, § 394*—*when conclusive against collateral attack.* On bill filed against the owner of a gambling house to subject the premises to the payment of a judgment formerly recovered by

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

complainant against a third party for money lost at gambling on the premises, the judgment having been rendered by a court of competent jurisdiction and not having been appealed from, set aside or vacated, is conclusive and cannot be collaterally attacked by the defendant.

4. EQUITY, § 379*—*conclusiveness of verdict of jury when submission is discretionary.* It is a familiar rule in chancery that the chancellor may present an issue of fact to a jury for its determination, but unless such is required by law to be submitted to a jury the finding of the jury is merely directory and is not conclusive, and the chancellor upon final hearing may follow that verdict or entirely disregard it.

5. APPEAL AND ERROR, § 1528*—*when error in instructions in a chancery case will not reverse.* Upon the submission to the jury of an issue in a chancery case it cannot be assigned as error that the chancellor erred in its instructions to the jury, when the submission is discretionary with the chancellor.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 16, 1913. *Certiorari* granted by Supreme Court.

JOHN G. FRIEDMEYER and ALBERT SALZENSTEIN, for appellant.

HARDIN W. MASTERS, GILLESPIE & FITZGERALD and THOMAS D. MASTERS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellee, Wing, recovered a judgment in the Circuit Court of Sangamon county against one Adams for three thousand dollars for money alleged to have been lost by Wing in a game of chance in a gambling house kept by Adams in the city of Springfield. Execution was issued on this judgment and returned *nulla bona.* Appellee then filed his bill in chancery for the purpose of subjecting the premises owned by appellant, G. J. Little, to the payment of the judgment, and averring in this bill that the loss was had at gaming in the premises located at 121 South Fourth street in the city of Springfield and owned by appellant, and

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

that appellant Little knew that Adams was conducting a gaming house therein and knowingly permitted gambling to be conducted in his property.

To the amended bill appellant filed a special plea of *nul tiel record,* also a plea that the judgment recovered by appellee Wing against said Adams was obtained by fraud and collusion between Adams and complainant, and that said Wing did not lose three thousand dollars or any other sum in gambling rooms kept by Adams in the building of Little as set forth in the bill of complaint. Issue was joined upon the plea of *nul tiel record,* and a demurrer filed to the second amended special plea. The demurrer to this plea was sustained, appellant filed his answer and replication was filed thereto. Appellant filed a cross-bill alleging that said judgment was obtained by fraud and collusion between Wing and Adams and asked to have said judgment set aside and vacated; a demurrer was sustained to the cross-bill.

Upon the hearing appellant demanded that a jury be impaneled and that certain questions presented to the court be submitted to the jury for determination. The court refused to submit these propositions as requested by appellant Little but did submit to the jury the following question as an issue of fact to be tried by the jury:

"Did the defendant G. J. Little at any time during the month of November, 1908 or subsequent thereto and prior to the 26th of February, 1909, knowingly permit the premises described in the amended bill of complaint to be used or occupied as and for a place where games of chance for money and other valuable things were played?"

This question was answered in the affirmative by the jury. The court refused to set aside the verdict of the jury, and upon final hearing found the issues for the complainant and entered a decree in accordance with the prayer of the bill, directed that execution issue

against the property in question, and that the same be sold to satisfy the judgment.

Appellant insists that this decree is erroneous and should be reversed and urges that the court erred in sustaining the demurrer to its special plea, in sustaining the demurrer to the cross-bill, in the admission and rejection of evidence and the instructions given to the jury upon the question of fact submitted to it, and that the decree is not supported by the evidence.

Upon the contention that the court erred in sustaining the demurrer to the special plea alleging that the judgment was obtained by fraud and collusion between Wing and Adams, the issue presented by this plea was a collateral attack upon the judgment rendered by the Circuit Court of Sangamon county in favor of Wing against Adams. This judgment as between Wing and Adams in no manner affected the property of appellant, and it was of no concern to him whether the judgment was obtained by fraud and collusion as he was in no manner bound thereby; it was of no concern to him that Wing had obtained the judgment against Adams, as appellant Little could not in any way be injured or affected by that judgment except in a proceeding to subject his property to a sale for its satisfaction; and the question as to whether or not the loss for which this judgment was recovered occurred in the premises owned by appellant, and that he knew gambling was carried on therein by Adams, is presented for the first time in this suit. Before a recovery could be had as against appellant it was necessary that appellee prove that the money was lost by gaming in a gaming house kept or conducted by Adams and that appellant knew and permitted gambling to be conducted therein by Adams. It is a familiar rule in chancery that the chancellor may present an issue of fact to a jury for its determination, but unless such is required to be submitted by law to a jury, the finding of the jury is merely directory and is not conclusive,

and the chancellor upon final hearing may follow that verdict or entirely disregard it. Upon the submitting of that question to the jury it cannot be assigned as error that the chancellor erred in its instruction to the jury, as the submission of that question was discretionary with the chancellor.

Upon the contention that the court erred in sustaining the demurrer to the cross-bill, we find upon examination of this cross-bill that the object and prayer of the bill was to set aside the judgment as between Wing and Adams, appellant was not a party to that judgment and he was not entitled upon a cross-bill to have the judgment in favor of Wing and against Adams set aside, he could make a complete and ample defense as against that judgment upon the answer, and it could be of no concern to him that Wing had obtained the judgment against Adams. The judgment in favor of Wing against Adams having been rendered by a court of competent jurisdiction and not having been appealed from, set aside or vacated, is conclusive as between Wing and Adams, as to the right of Wing to recover against Adams.

The property of appellant Little cannot be subjected to the payment of this judgment except on proof of the allegations in complainant's bill that the money was lost at gaming in a gaming house kept or maintained by Adams in the building in question owned by Little, and upon the final hearing in the trial court the chancellor as well as the jury found that appellant Little knowingly permitted gambling to be carried on in the building in question owned by him, and the chancellor found by his decree that these gambling rooms were conducted by Adams and that appellee lost his money therein.

We have carefully examined this record, and we are satisfied that the proof fully sustains the allegations of the bill and the findings made by the chancellor in his decree, and that the decree rendered is correct and should not be disturbed. It is, therefore, affirmed.

*Affirmed.*